## ALBERT REUTLER

*v.*

## STATE OF ILLINOIS.

*Opinion filed February 17, 1915.*

LACHES—*failure of claimant to demand pay.* Failure for a number of years on the part of an employee or special officer of the State to demand payment for services which he claims to have performed for the State, will cast suspicion on the genuineness of such claim.

Frank J. Wilkins, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

During the month of September 1905, claimant, who is a resident of Tazewell County, Illinois, was appointed a special deputy game warden for the State and for about six months after his appointment worked as engineer on the "Dimples", a launch used by the State in connection with the State Game Department.

When he was appointed, he received a special star and commission which he retained until shortly after the filing of this claim.

While engaged as engineer on the "Dimples" he was paid at the rate of sixty ($60.00) dollars per month and expenses, but after that time he did not receive any further compensation.

Claimant contends, that he has been actively engaged in the performance of his duties as special deputy game warden from the time of his appointment until August 1, 1913; that he has not received any compensation since March 1, 1906, and that the State is indebted to him for $5,340.00, being the amount claimed from March 1, 1906, to August 1, 1913, at the rate of sixty ($60.00) dollars per month.

It is admitted that during the time claimant worked on the "Dimples" he received his monthly salary and.

expenses, but the evidence fails to disclose very much work performed by claimant after he ceased working as engineer on the launch.

Claimant produced some evidence to show, that at different times he warned certain parties regarding the killing of game, but this evidence by itself is certainly not sufficient to support his claim.

If he was as diligent in working as he claims to have been, it seems to the Court that he would have very little trouble in proving it beyond question. To say the least, the evidence submitted by claimant in support of his labor is very weak and unsatisfactory.

It is claimed that on different occasions the wife of claimant wrote to the officials of the Game Department requesting that they pay him his salary, and it is also claimed that he received letters from the department at different times authorizing him to continue with his work and that he would be compensated. But these letters were not produced.

None of the officials or employees of the Game Department remembered of having received any of the letters claimed to have been written by claimant, and Dr. J. A. Wheeler, who was State Game Commissioner of Illinois at that time, states that this appointment was only "honorary" and that claimant was not to receive any salary, except when he was detailed to do special work for the department. He also states that claimant was appointed and given a special deputy's star and commission in order to protect the launch "Dimples", which was the property of the State Game Department, and he did not draw any salary as special deputy game warden but as engineer of the launch "Dimples".

The State contends, among other things, that inasmuch, as the law of 1905 with reference to the appointment of game wardens, did not contain any provision authorizing the appointment of special deputy game wardens that claimant can not recover. (Session Laws 1905, p. 276, sec. 16) It also contends that he was

appointed to act as engineer on the launch "Dimples" and that having received his compensation for services performed in that capacity there is nothing more due him.

It is apparent from the evidence, that claimant is a man of very moderate means and that his only source of income is that which he derives from his daily labor.

It is difficult to understand why he should continue working for years without making some real effort to secure what he insists is due him. He lived a short distance from the State Capitol, where the offices of the Game Department are located, and he has never made a trip to see why he was not being paid. This does not seem reasonable, and the fact that he and his former wife testified that she wrote letters to the department concerning his salary is not sufficient to overcome our suspicions that claimant well understood that he was not to receive any salary, except when detailed to do special work for the department.

From the evidence submitted to us, we are of the opinion, that at the time claimant was appointed as special deputy game warden, the appointment was made with the understanding that claimant was only to be paid when requested or detailed to do special work, and we are also of the opinion, that claimant has received full compensation for the services rendered by him.

Having reached this conclusion, it will be unnecessary to consider the other defenses interposed by the State relative to the authority of this appointment under the Act of 1905, and other subsequent Acts in relation to the appointment of special deputy game wardens.

This claim is accordingly rejected.